E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5429
    Facsimile: (213) 894-0141
    E-mail:    Jeremy.Beecher@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-cr-00033-SSS |
|---|---|
| Plaintiff, | STIPULATION (1) FOR ORDER FOR COMPETENCY EXAMINATION AND (2) TO CONTINUE TRIAL DATE WITH FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DONAGEL ANN POWELL, | |
| Defendant. | COMPETENCY HEARING DATE: December 13, 2024, at 9:00 a.m. |
| | STATUS CONFERENCE DATE: May 9, 2025, at 9:00 a.m. |
| | TRIAL DATE: May 19, 2025, at 8:30 a.m. |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Jeremy K. Beecher,

and defendant Donagel Ann Powell ("defendant"), by and through her

counsel of record, Deputy Federal Public Defender Jessaka Menzie,

hereby stipulate as follows:

1.     The Indictment in this case was filed on March 3, 2023. (Dkt. No. 1.)  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 26, 2023.  (Dkt. No. 10.)  Defendant is charged with bank robbery in violation of 18 U.S.C. § 2113(a).  Discovery was produced to defendant on April 30, 2023.

2.     The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 5, 2023.  The Court has since continued the final pretrial conference to October 11, 2024, and the trial to October 21, 2024, pursuant to stipulations of the parties, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. Nos. 17, 26, 28.)

3.     On June 14, 2023, the Court ordered defendant released on bond pending trial.  (Dkt. Nos. 22-23.)

4.     On August 29, 2024, defendant was arrested pursuant to a bench warrant and ordered detained pending a hearing on an order to show cause why bond should not be revoked.  (Dkt. Nos. 37, 39, 41.)

5.     On September 3, 2024, the Court ordered that the order to show cause hearing would be held in abeyance pending a determination of defendant's competency.  (Dkt. No. 38.)

6.     By this stipulation, defendant, through defense counsel, requests the Court issue an order pursuant to 18 U.S.C. § 4241(b) requiring that an examination of defendant be conducted, and that a report be filed with the Court (under seal) and provided to counsel for both parties, pursuant to the provisions of 18 U.S.C. §§ 4247(b)-(c).  The government concurs with the request.

7.   Based on her conversations with defendant, defense counsel submits that there is reasonable cause to believe that defendant suffers from a mental disease or defect that make defendant unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.  Specifically, defense counsel represents that defendant has challenges carrying out basic tasks and understanding concepts that are relevant to these proceedings and assisting in her own defense.  Indiana v. Edwards, 554 U.S. 164, 177-78 (2008); United States v. Ferguson, 560 F.3d 1060 (9th Cir. 2009).

8.   The government also believes a competency evaluation is warranted based on information provided by the assigned United States Pretrial Services officer in connection with proceedings regarding defendant's potential violation of pretrial bond.  Based on that information, the government believes defendant may be incompetent to stand trial.

9.   On September 19, 2024, a Federal Bureau of Prisons ("BOP") representative informed government counsel that BOP personnel would be able to conduct an examination of defendant at the Metropolitan Detention Center in Los Angeles, California within approximately 30 to 45 days of defendant's transport to that facility, and that a report could be submitted to the Court two weeks after that.

10.   Accordingly, the parties request that the Court order defendant be transported to the Metropolitan Detention Center or such other facility as BOP shall require for purposes of an examination of defendant pursuant to 18 U.S.C. § 4241(b).

11.   The parties further request that the Court schedule a hearing pursuant to U.S.C. § 4241(d), regarding defendant's

3

competency to stand trial, on December 13, 2024, at 9:00 a.m., or such other date and time as is convenient to the Court.

12.  Further, the parties request that the trial in this matter be continued to May 19, 2025, with a status conference and pretrial motions hearing on May 9, 2025, at 9:00 a.m., so long as defendant is determined to be competent at the Section 4241(d) hearing.

13.  The parties agree that pursuant to 18 U.S.C. § 3161(h)(1)(A), all time from October 21, 2024, through defendant's competency hearing and determination, should be excluded in computing the time within which the trial must commence.  The parties further agree that the time period between defendant's competency hearing and determination and May 19, 2025, should also be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  If defendant is determined to be competent to proceed under Section 4241, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions,

4

review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

//

//

//

14.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 23, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/
_____
JEREMY K. BEECHER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: September 23, 2024          /s/*
_____
JESSAKA MENZIE
Deputy Federal Public Defenders

Attorneys for Defendant
DONAGEL ANN POWELL

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.